**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE ANTONIO CASTELL SERRANO,

      *Petitioner*,

v.                                                                       Case No. 3:26-cv-2016-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

      *Respondents.*

_____

**ORDER**

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner seemingly attempts to raise four grounds for relief, all of which ask the Court to review the legality of his detention.  He requests the Court to determine whether his current detention is authorized under—the Immigration and Nationality Act (Ground One); the Due Process Clause of the Fifth Amendment (Ground Two); applicable federal law (Ground Three); and applicable immigration statutes (Ground Four).  (*See generally id.*).  As relief, he again asks the Court to evaluate the legality and necessity of his continued detention.  (*Id.* at 7).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  And the sole federal remedy and purpose of the writ of habeas corpus is for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Petitioner has not alleged sufficient facts to establish a claim under § 2241. Indeed, he does not claim Respondents violated a particular constitutional or federally protected right, and his allegations are conclusory in nature and devoid of any information that would allow the Court to draw reasonable inferences that Respondents violated his rights.  Although Petitioner may seek to couch one of his claims as a due process challenge, he makes no allegations of how he was denied due process but rather asks the Court to conduct a wholesale review of the lawfulness of his detention without ever actually alleging his detention is illegal.  As a result, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    Jose Antonio Castell Serrano, A029846666

2